UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENMAR FABRICATION LLC and
IUC GROUP INC.,

        Plaintiffs,

v.                                                 Case No. 19-C-530

GREAT NORTHERN INSURANCE COMPANY,

        Defendant.

## ORDER

Plaintiffs Benmar Fabrication LLC and IUC Group Inc. filed a complaint alleging breach of contract claims against Defendant Great Northern Insurance Company. Federal jurisdiction is predicated on diversity of citizenship under 28 U.S.C. § 1332. The complaint, however, fails to allege facts from which the court can determine whether diversity jurisdiction exists.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The complaint filed by the plaintiffs fails to meet this essential requirement. More specifically, the court is unable to determine from the allegations of the complaint whether the citizenship of the plaintiffs is diverse from the citizenship of the defendant. One of the plaintiffs is a limited liability company and therefore takes its citizenship from the states of citizenship of its members. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). To determine the citizenship of the limited liability company, "a federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." *Hicklen Eng'g, L.C. v. Bartell*,

439 F.3d 346, 348 (7th Cir. 2006). To proceed without such knowledge can result in a waste of time and resources for both the court and the parties, since subject-matter jurisdiction cannot be waived and must be raised sua sponte even on appeal. *Belleville*, 350 F.3d at 693–94. As the Seventh Circuit has reminded district courts, "inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Id.* at 693.

For this reason, the complaint is ordered dismissed for failure to allege subject-matter jurisdiction. To avoid paying another filing fee, the plaintiffs have leave to amend within 30 days. Failure to amend within that time will result in a dismissal of the action without prejudice.

**SO ORDERED** this  16th  day of April, 2019.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court